**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
SDNY PRO SE OFFICE
2023 OCT -6 PM 1:10

**Franklin Mendez,**
**Plaintiff,**

**COMPLIANT**

Civil Action No. _____

**v.**

**John Jay College of Criminal Justice,**
**Defendant.**

# COMPLAINT FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT

Plaintiff **Franklin Mendez** (hereinafter referred to as "Plaintiff"), by and through his attorneys, brings this action against Defendant John Jay College of Criminal Justice (hereinafter referred to as "Defendant"), and alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred within the jurisdiction of the Southern District of New York.

## II. PARTIES

4. Plaintiff is an individual with a visual impairment that substantially limits his ability to see and process visual information. Planitffs suffers from Pathological Myopia, and Large Angle Estropia, as a result plaintiff suffers secondary complications night blindnessm and, headaches, nuasa, and disyness. The eye diseases are degenerative Plaitiff will eventually go totally blind. Plaintiff

1 of 20

is registed with the Commission for The Blind NYSCB Registration No. 189038 as legally blind. This disability qualifies him as an individual with a disability under the ADA and the Rehabilitation Act. Plaintiff resides in New York, NY.

5. Defendant John Jay College of Criminal Justice is an educational institution that receives federal funding and operates within the jurisdiction of this Court, with its principal place of business located at 524 West 59th Street, New York, NY 10019.

## REQUEST FOR EQUITABLE CONSIDERATION OF PLAINTIFF'S DISABILITY AND LAYMAN STATUS

### I. Introduction

1. Plaintiff, herein referred to as the "Plaintiff," brings this action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, against Defendant [Name of Educational Institution], seeking redress for violations of these statutes. It is crucial to acknowledge Plaintiff's unique circumstances as a legally blind individual and a layman in the field of law.

### II. Plaintiff's Disability and Layman Status

2. Plaintiff is legally blind, a disability that presents inherent challenges in comprehending and navigating complex legal matters.

3. Plaintiff is not a legal expert but has diligently endeavored to present all conceivable arguments within this ADA complaint to the best of their ability, given their layman status.

### III. Request for Equitable Consideration

4. The Court is respectfully urged to consider Plaintiff's disability and layman status as factors that may impact the completeness and precision of the arguments presented within this American with Disability Act complaint.

5. Plaintiff acknowledges the potential existence of flaws or incomplete arguments due to their unique circumstances. These flaws may arise from limited legal knowledge or an inability to access certain legal resources independently.

### IV. Equitable Relief: Bridging the Gap

6. In the spirit of fairness and equitable access to the judicial process, Plaintiff humbly requests the Court's assistance in bridging any gaps or correcting any half-formed arguments that may exist

within this ADA complaint.

7. Plaintiff believes that the ADA and Section 504, by design, aim to eliminate barriers and level the playing field for individuals with disabilities. Therefore, it is fitting that the Court helps ensure that the present ADA complaint fully represents the interests of the Plaintiff.

8. In conclusion, Plaintiff respectfully asks for the Court's understanding of their unique position as a legally blind individual and a layman in legal matters.

## STATEMENT OF ALLEGATIONS UNDER THE AMERICAN WITH DISABILITY ACT AND REHABILITAITON ACT

9. "This lawsuit is being filed in response to the distressing and persistent discriminatory practices at John Jay College of Criminal Justice. These actions, occurring even under federal oversight, reveal a deeply troubling and calculated pattern. The college has, in a sinister manner, actively suppressed a blind student's attempts to seek redress for necessary accommodations and has engaged in retalitory practices and cover-up. This relentless suppression is designed to silence the student, denying him access to crucial accommodations vital for his academic success. It's important to note that this violation falls squarely under both the Americans with Disabilities Act (ADA) and Rehabilitation Act.

## III. FACTUAL ALLEGATIONS

### Plaintiff's Disability

6. Plaintiff is legally blind, which substantially limits his ability to see and process visual information. This disability qualifies him as an individual with a disability under the American with Disability Act and the Rehabilitation Act.

Defendant's Status

7. As an educational institution that receives federal funding, Defendant is subject to the requirements of the American with Disability Act and the Rehabilitation Act and is obligated to provide reasonable accommodations to individuals.

8. On or about February 9, 2023, Plaintifff informed defendants that he wanted avail himself of the services for the disabled by the acessability office at john jay college of criminal justice and provided all the requuired documentations. Namely, eye rential specialiist at SUNY Optomoney, Lighthouse Guilde for the Blind, low vision speicalistist, and povided extensive medical records to support his legalll y blindness and to receive accomodations.

9. Plaintiff, was processsed and provided with confirmation as to the requested accommodations.

However, as evidenced from this complinat Defendants actions and inactions were mere gestures of aiding but most of all hindering plainftiff.

## Failure to Provide Reasonable Accommodations

10.     On multiple occasions starting in the summer of 2023 and continuing into the fall semester, and is ongoing. Defendant failed to provide Plaintiff with reasonable accommodations as required by law.

11.     In the summer semester, Plaintiff enrolled in a math course, Math 105, which required specialized accommodations due to his visual impairment. Despite requesting reasonable accommodations and being assigned a notetaker, Defendant failed to provide appropriate accessible materials and software, making it impossible for Plaintiff to fully participate.

12.     During the fall semester, Plaintiff enrolled in additional courses expecting to receive mandated accommodations. However, Defendant continued to neglect its obligations and did not provide necessary support.

## Knowledge of Obligations

13.     Defendant, including its faculty, staff, and administrators, was fully aware of its obligations under the ADA and Rehabilitation Act, heightened by the existence of a voluntary compliance agreement (VCA) between City University of New York (CUNY) and the Department of Justice addressing accessibility.

**U.S. Attorney Announces Agreement With The City University Of New York To Remedy The Exclusion Of A Student With Visual Impairments**
Wednesday, April 12, 2023

U.S. Attorney's Office, Southern District of New York
**CUNY Has Also Agreed to Implement Systemwide Reforms to Ensure Compliance with the Americans with Disabilities Act**

Damian Williams, the United States Attorney for the Southern District of New York, announced a voluntary compliance agreement under Title II of the Americans with Disabilities Act ("ADA") with the City University of New York ("CUNY") pursuant to which CUNY will provide individual relief to a student with visual impairments who was excluded from full participation in their academic courses and implement systemwide policies to ensure future compliance with the ADA across CUNY's 25 colleges in the five boroughs of New York City, which collectively serve 243,000 students.

U.S. Attorney Damian Williams said: "It is simply unacceptable that any student should be denied equal access to an education because of a disability. We are pleased that CUNY has agreed to provide relief to the student whose education was compromised and that CUNY is committed to improving the accessibility of its courses, including online and digital content, for all future students."

Title II of the ADA prohibits public entities from discriminating against any individual on the basis of disability by excluding the individual from participation in services, programs, and activities. The ADA requires public entities to make reasonable modifications to avoid such discrimination and to administer their services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities, including by furnishing appropriate auxiliary aids and services to ensure effective communication.

The out-of-court agreement resolves an investigation during which the U.S. Attorney's Office determined that CUNY failed to provide reasonable accommodations required under the ADA for a student with visual impairments at CUNY's John Jay School of Criminal Justice and identified shortcomings in CUNY's accessibility and reasonable accommodation policies and procedures. Specifically, the investigation found, among other things, that CUNY failed to make qualified learning assistants available to ensure an integrated learning setting for the student in numerous science and mathematics courses. Additionally, John Jay instructors required students to use WebAssign, a third-party online learning product, to complete assignments, but that digital platform was not fully capable of reading out mathematical and scientific symbols and equations. Furthermore, John Jay repeatedly failed to make usable versions of required textbooks and other course materials available to the student by the start of courses. The student made a number of attempts to bring the deficiencies to the attention of staff at John Jay and CUNY, but neither John Jay nor CUNY had adequate policies and procedures to ensure that reasonable accommodation requests and related complaints are addressed in a timely and appropriate manner. As a result, the student received unduly poor grades and was forced to forgo taking other desired and required advanced courses for a number of academic years.

CUNY has agreed to prepare and implement systemwide policies to ensure improved accessibility of educational content to visually impaired students, including digital learning content, proper training of staff and faculty, and effective reasonable accommodation and complaint procedures.

Under the agreement, CUNY will permanently purge all of the affected student's grades in the relevant courses in which reasonable modifications were not provided and pay the student $10,000 in compensatory damages. CUNY will also adopt systemwide policies and procedures to ensure:

- The prompt availability of qualified learning assistants, including by initiating an appropriate and timely search process, involving the relevant affected students in that process, and setting a reasonable level of compensation likely to attract qualified candidates;
- The prompt availability of accessible course materials by the start of the relevant course or as soon as practicable based upon early consultations with affected students;
- Reasonable accommodation and complaint mechanisms based on clear, short deadlines by which accommodation requests and complaints must be addressed and remaining concerns are promptly escalated to higher-level administrators as necessary;
- Information Technology accessibility consistent with the latest Web Content Accessibility Guidelines, including via verification of the accessibility of third-party learning products and of instructors' awareness of accessibility requirements for instructor-created content; and
- Training of faculty and accessibility-services staff on ADA requirements.

https://www.justice.gov/usao-sdny/pr/us-attorney-announces-agreement-city-university-new-york-

remedy-exclusion-student

(see link in article to access the pdf file for the Voluntary Compliance Aggreement)


**Failure to Implement Voluntary Complaince Agreement**

14.      Despite the VCA, Defendant failed to fully implement its provisions and did not provide accessible materials, facilitate an integrated learning environment, or establish complaint mechanisms. Additionally, when Plaintiff brought up the VCA, Defendant displayed unfamiliarity and hesitance to adhere to its terms.

**Harm and Distress**

15.                        Plaintiff's academic performance and educational experience have suffered significantly due to Defendant's failure to provide reasonable accommodations and

disregard of the Voluntary Compliance Agreement. Plaintiff struggled academically, faced lower grades, and his progress was hindered, causing anxiety, depression, and emotional distres.

## Uncontraverted Documentary Evidence

6. Plaintiff's allegations in this Complaint are substantiated by documentary evidence in Plaintiff's possession, custody, and control, including but not limited to relevant communications between Plaintiff and Defendant's administrators, faculty, and staff, Plaintiff's requests for reasonable accommodations, Defendant's responses and denials of such requests, and records concerning Plaintiff's complaint to the U.S. Department of Education's Office for Civil Rights concerning the subject matter of this action. While Plaintiff believes that citation of extensive evidentiary detail in this Complaint is unnecessary, Plaintiff reserves the right to rely upon any and all such documentary evidence during the discovery process and at trial in this action. Plaintiff will make the full breadth of relevant documentary evidence in Plaintiff's possession available to Defendant during discovery.

- In summer semester, Plaintiff enrolled in Math 105, which required accommodations for his visual disability. Despite requesting accommodations and being assigned a notetaker, Defendant failed to provide appropriate accessible materials and software.
- In fall semester, Plaintiff enrolled in courses including Math 141 and Computer Programming 271 expecting mandated accommodations. However, Defendant continued to neglect its obligations and did not provide necessary support.

9. Specific Individuals Involved: The following individuals at John Jay College were made aware of Plaintiff's accommodation requests and need for assistance, but failed to take appropriate action:

- **Karol Mason, President, John Jay**
- **Tony Balkissoon, Vice President of Legal Counsel**
- **Nadia Griffith, Accessibility Director**
- **Dr. Elena Beharry** Assessibility Direcotr
- **Janice Johnson-Diaz, Faculty Director**
- **Brian A. Kerr, Vice President of Student Affairs**
- **Danielle Officer, Supervisor**
- **Christopher Church, CSIS Advisor and Department Head**
- **Kumar Ramansenthil, Advisor and Department Head**
- **Terry Gizelle, Assistant Director**
- **Farrulkh Ablakulov, LEAD student**

- **Muzaffan Mukhitdinov, Techonology Serivce IT**
- **Suzan Abdulla Alshabbi**
- **Lisa Dunkley**
- **Cinthia Salgado**
- **Matos, vice president of student, and known and unknown individuals.**

**Knowledge of Obligations**

10.          Defendant and its staff were aware of obligations under the ADA/Rehabilitation Act, heightened by the voluntary compliance agreement between CUNY and Department of Justice addressing accessibility.

**Failure to Implement Agreement**

11.          Despite this agreement, Defendant failed to fully implement its provisions or provide accessible materials, integrated learning environment, or clear complaint mechanisms. Defendant's staff displayed unfamiliarity with the agreement when Plaintiff brought it up.

**Harm and Distress**

12.          Plaintiff's academic performance and educational experience have suffered significantly due to Defendant's failures, causing lowered grades, hindered progress, anxiety, and emotional distress.

**Plaintiff's Registration Status**

13.          Plaintiff Franklin Mendez is legally blind and is registered with the New York State Commission for the Blind as well as with the John Jay College Accessibility Office. Plaintiff has provided documentation of his disability and registration status to John Jay College. As a registered blind student, Plaintiff is entitled to reasonable accommodations from John Jay College under federal law. Despite his registered status and repeated requests for assistance, Defendant failed to provide Plaintiff with the required accommodations.

**Reported Violations**

14.          In addition to repeatedly requesting accommodations directly from John Jay College of Criminal Justice and its staff, Plaintiff reported the college's violations to the following oversight entities:

- **U.S. Attorney's Office, Southern District of New York Civil Rights Division**

- **CUNY Office of General Counsel**
- **New York State Attorney General's Office**
- **U.S. Department of Education Office for Civil Rights**

Despite Plaintiff's reports to these outside agencies, Defendant John Jay College persisted in denying Plaintiff the reasonable accommodations and accessible educational materials he was entitled to under federal law and Voluntary Compliance Agreement. This resulted in ongoing discrimination and a failure to address the college's noncompliance with the ADA and Rehabilitation Act.

Plaintiff also filed a complaint with Office of Civil Rights Department of Education. See link https://ocrcas.ed.gov/node/1/webform/confirmation?token=MAVF5tq4uOIW_jRWZ805TSGYCoMv01 PRVqdFEDOc79o

Retaliaion                                         complaint                                         link: https://ocrcas.ed.gov/node/1/webform/confirmation?token=vDSqRaRol-301VQJ4yFo6WLQL9YxwSLtXMh1dF-LVd0

Plaintiff also find a retlaiatory complait with Civil Rights Department of the Southern Distirct Prosecutors Offce of New York. See Link: https://www.justice.gov/usao-sdny/pr/us-attorney-announces-agreement-city-university-new-york-remedy-exclusion-student

**Mental Distress and Treatment**

15.    Defendant's persistent failures to provide Plaintiff with reasonable and required accommodations caused him severe mental and emotional distress. As a result of the discrimination and denial of accessibility, Plaintiff has undergone behavioral therapy at the Lighthouse Guild to help cope with the anxiety and depression caused by Defendant's actions. Defendant's conduct has directly impaired Plaintiff's mental health and wellbeing in additionViolation of Voluntary Compliance Agreement: Unbeknownst to Plaintiff upon enrollment, a voluntary compliance agreement ("VCA") between CUNY and the U.S. Department of Justice dated April 12, 2023 mandated specific accessibility reforms that applied directly to Plaintiff's situation as a legally blind student at John Jay College. This agreement resulted from a prior complaint concerning denial of accommodations to a visually impaired student at CUNY-John Jay College of Criminal Justice.

**Failure to Implement Voluntary Complans Aggreement Terms**

16.    Defendant John Jay College failed to adequately implement numerous provisions of the

VCA that were intended to prevent discrimination against students with visual impairments, including Plaintiff. Specifically, Defendant did not:

- Provide individual relief or accommodations to Plaintiff as a student excluded from full participation
- Implement comprehensive policies to ensure future ADA compliance
- Provide qualified learning assistants to facilitate an integrated classroom environment
- Make accessible course materials available at the start of Plaintiff's courses
- Establish complaint and accommodation request mechanisms with short response deadlines
- Ensure accessibility of information technology and learning products
- Properly train faculty and staff on ADA compliance and disability accommodations

**Plaintiff's Complaints Not Addressed**

When Plaintiff submitted accommodation requests and complaints to John Jay College staff and administrators, they failed to resolve them promptly per the VCA terms. Instead, Plaintiff's concerns were disregarded and met with claims of unavailability, direction towards tutors unable to address his visual impairment needs, and denial of accessible materials.

**Ongoing Violations and Harm**

18.    By neglecting to adhere to the Voluntary Compliance Agreement, Defendant subjected Plaintiff to the same type of discriminatory exclusion and academic hardship the agreement was designed to prevent. This caused tangible academic struggles, as well as substantial emotional distress. Plaintiff Unaware of VCA: Plaintiff was unaware of the existence of the VCA and his rights under it until 124 days into the 150-day implementation timeline. He only learned of the agreement on August 10, 2023, 100 days into his Math 105 summer course enrollment.

**Delay in Informing Plaintiff**

20.    Defendant failed to timely inform Plaintiff about the VCA and accommodations he was entitled to, despite the agreement's purpose to immediately benefit current visually impaired students like Plaintiff. This delay denied Plaintiff equitable access to accommodations and placed him at an unfair disadvantage.

21.    **Noncompliance Evident in Zoom Call**

In a Zoom call on August 10, 2023 after learning of the VCA, Plaintiff pleaded for aid from John Jay administrators and staff. However, they displayed ignorance of the agreement's terms and pushed back on providing accommodations, evidencing their noncompliance.

**Commitments Not Upheld**

22. Defendant John Jay College, including President Karol Mason, Vice President Tony Balkissoon, Accessibility Director Nadia Griffith, and other named staff, failed to uphold their commitments under the legally binding VCA to provide accommodations and prevent discrimination against visually impaired students like Plaintiff.

**Plaintiff's Rights Violated**

23. By failing to adhere to the Voluntary Compliance Agreement's timeline and denying Plaintiff timely notice and access to accommodations, Defendant severely impacted Plaintiff's education in violation of his rights as a disabled student under federal law.

# REQUEST FOR RELIEF

**Delay Prevented Accommodations Access**

The 124-day delay in informing Plaintiff of the Voluntary Complaicne Agreement  prevented him from accessing accommodations during the critical first 100 days of his Math 105 summer course enrollment. This delay severely disadvantaged Plaintiff.

**Fall Enrollment Anticipated Accommodations**

25. When enrolling for fall semester courses including Math 141, Plaintiff reasonably expected mandated Voluntary Compliance Agreement's accommodations. However, faculty evaded adhering to the agreement and provided little, delayed assistance.

**Inaccessible Software Again Used**

26. Despite the Voluntary Complince Agreement flagging WebAssign software as inaccessible, Plaintiff's Math 141 professor based the entire course around this platform. The Accessibility Office did not address Plaintiff's concerns about this.

**Impact on Summer Academic Performance**

27. Lack of accommodations severely impacted Plaintiff's performance in his Math 105 summer course. The inaccessible Aleks software created barriers to learning, hindering Plaintiff's progress and resulting in a lower grade that harmed his GPA. This caused Plaintiff depression.

**College Had Notice of Voluntary Compliaance Aggreement**

31. Despite knowing about the VCA and Plaintiff's disability, John Jay College failed to proactively provide timely accommodations. This delay disadvantaged Plaintiff as a disabled

student.

**Lack of Communication About Voluntary Compliance Agreement**

32.    Despite being registered with the Accessibility Office, Plaintiff was never informed about the VCA or his rights to accommodations under it. He only learned of it by chance 124 days after implementation.

**33.    Deceptive Practices**

The failure to inform Plaintiff about the Voluntary Compliance Agreement constitutes a deceptive practice violating the spirit and letter of federal accessibility law and Plaintiff's rights as a disabled student. This further evidences the college's noncompliance.

Physical Hardships Endured

34.    Due to inaccessible materials and software, Plaintiff suffered eyestrain, headaches, and other physical symptoms that impaired his performance and wellbeing despite providing medical records.

**Emotional Distress**

35.    The accessibility issues caused Plaintiff tremendous stress and frustration. He sought help from a behavioral therapist as early as May due to the Accessibility Office's unresponsiveness.

**Distress Exacerbated**

36.    The college's lack of timely response added to Plaintiff's emotional distress, which was worsened by knowing they had failed to meet Voluntary Compliance Agreement's obligations before. This reflected a pattern of neglect toward blind students.

38.    Plaintiff incorporates the allegations set forth in all prior paragraphs.

39.    Defendant's repeated failures to accommodate Plaintiff's disability, despite numerous requests and notice of Plaintiff's needs, created a hostile educational environment that effectively denied Plaintiff meaningful access to education.

40.    The discriminatory conduct Plaintiff endured was severe and pervasive, including but not limited to: failure to provide accessible course materials, software, and auxiliary aids; refusal to adhere to federally mandated accommodations; delays in responding to urgent accommodation requests; and disregard of Plaintiff's physical and emotional hardships.

41.    This conduct altered the conditions of Plaintiff's educational experience and unreasonably interfered with Plaintiff's academic performance by creating barriers to learning.

42.    A reasonable person in Plaintiff's position would have found the environment hostile, threatening, and offensive, considering factors such as Plaintiff's sensitivities as a visually

disabled student.

43.    Defendant's creation of this hostile educational environment violated Title II of the ADA and Section 504 of the Rehabilitation Act.

## IV. CLAIMS FOR RELIEF

## CAUSES OF ACTION

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

14.    Plaintiff incorporates by reference all preceding paragraphs.

15.    Defendant's failure to provide reasonable accommodations constitutes a violation of Title II of the ADA, 42 U.S.C. §§ 12131 et seq.

## COUNT II: VIOLATION OF THE REHABILITATION ACT

16.    Plaintiff incorporates by reference all preceding paragraphs.

17.    Defendant's failure to provide reasonable accommodations constitutes a violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## COUNT III: DENIAL OF ACCESS TO ADA GRIEVANCE PROCEDURES

50.    Plaintiff incorporates the allegations set forth in all prior paragraphs.

51.    Defendant failed to provide Plaintiff with a copy of its published ADA grievance procedures despite Plaintiff's mulDEtiple requests.

52.    The ADA Title II regulations (28 CFR §35.107), Section 504, and Office Civil Rights guidance obligate Defendant to make its ADA grievance procedures available to students with disabilities upon request.

53.    By refusing to provide a copy of the procedures, Defendant denied Plaintiff meaningful access to the mandated ADA grievance process.

54.    This denial of access deprived Plaintiff of the ability to meaningfully remedy the ongoing discrimination and lack of accommodations through appropriate school grievance channels.

55.    Defendant's actions violated the ADA regulations and constitute disability discrimination.

44.    distress due to Defendant's breaches of its contractual obligations.

## COUNT IV: VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW AND EDUCATION LAW

45.     Plaintiff incorporates all previous allegations.

46.     Defendant's conduct as alleged constitutes disability discrimination in violation of Plaintiff's rights under the New York State Human Rights Law (NYSHRL) Section 296(4) and New York Education Law Section 224-a.

47.     Defendant failed to provide reasonable accommodations for Plaintiff's disability in the educational environment as required by these state civil rights laws.

48.     Defendant showed deliberate indifference and disregard for the rights of visually impaired students through their ongoing noncompliance with disability laws and the VCA.

49.     Defendant's conduct has caused Plaintiff damages and emotional distress.

50.     Administrative remedies should be deemed exhausted or waived given Defendant's failure to comply with federal mandates directly aimed at remedying accessibility issues for visually impaired students. Requiring duplicative state filings would be futile.

51.     In the alternative, Plaintiff will promptly file an administrative complaint with the NYS Division of Human Rights and State Education Department to comply with state law requirements, without prejudice to this action.

## COUNT VI: BREACH OF CONTRACT

52.     Plaintiff incorporates the allegations set forth in all prior paragraphs.

53.     Defendant maintained policies and procedures regarding accommodation of disabled students, which constituted a binding contractual agreement.

54.     Plaintiff fulfilled any contractual conditions precedent by registering with Defendant's Accessibility Office and submitting all required disability documentation.

55.     Defendant materially breached its contractual obligations by failing to provide Plaintiff with reasonable and required accommodations.

56.     Defendant also breached contractual obligations under the Voluntary Compliance Agreement between CUNY and the Department of Justice by failing to implement accessibility reforms.

57.     Plaintiff suffered damages including academic struggles, lower grades, delays in graduation, and emotional Denial of Access to ADA Grievance Procedures.

## COUNT V: ONGOING PATTERN AND PRACTICE OF DISCRIMINATION IN VIOLATION OF THE ADA AND REHABILITATION ACT

56.     Plaintiff incorporates all previous allegations.

57.     The college has demonstrated an ongoing pattern, policy, and practice of denying reasonable accommodations to students with visual disabilities, including Plaintiff.

58.     This is evidenced by the previous OCR complaint against CUNY leading to the VCA regarding a visually impaired student denied accommodations at John Jay College specifically.

59.     It is further evidenced by Plaintiff's experiences of being denied accessible course materials, software, auxiliary aids, and other mandated accommodations.

60.     The similarity of the prior Office Civil Rights complaint and Plaintiff's experiences establishes this is not an isolated incident, but an ongoing discriminatory policy and practice at the college towards visually impaired students.

61.     By implementing this pattern and practice, Defendant has violated and continues to violate the ADA and Rehabilitation Act.

62.     Injunctive relief is required to end this ongoing pattern and practice of discrimination.

## COUNT VII: CONTINUED DENIAL OF ACCOMODATIONS AFTER OFFICE OF CIVIL RIGHTS COMPLAINT

**Introduction and Incorporation of Prior Allegations**

1. Plaintiff, hereby incorporates all prior allegations set forth in this Complaint.

**Continued Denial of Accommodations Despite Office of Civil Rights Complaint**

2. Following the filing of Plaintiff's OCR (Office for Civil Rights) complaint against Defendant John Jay College alleging violations of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, Defendant persistently and willfully denied Plaintiff reasonable and necessary accommodations required under these statutes.

**Specific Instances of Post-OCR Complaint Discrimination**

3. Defendant's ongoing discriminatory conduct, subsequent to the OCR complaint, is evidenced by the following instances:

a. Defendant, despite knowledge of Plaintiff's visual disability, recommended the use of magnifiers as an accommodation, instead of providing accessible course materials with a minimum font size of 14, thus disregarding Plaintiff's explicit needs. This action is in direct violation of Title II of the ADA, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

b. Defendant's failure to provide a digital textbook for over 8 weeks into the course, despite Plaintiff's

repeated requests for accessible digital format, constituted a willful denial of accommodations, rendering Plaintiff unable to fully participate in the educational program as required by law. This conduct contravenes the ADA Title II regulations, 28 C.F.R. § 35.130(b)(1)(ii), and Section 504 of the Rehabilitation Act, 34 C.F.R. § 104.44.

c. Defendant represented that Plaintiff would receive paper coursework as an accommodation but failed to provide specific details or timelines, effectively continuing to deny the required accommodations. This representation was misleading and amounted to an additional act of discrimination under Title II of the ADA and Section 504, 29 U.S.C. § 794.

**Deliberate Indifference**

4. Defendant's actions in persistently denying Plaintiff effective and timely accommodations, post-OCR complaint, clearly demonstrate deliberate indifference to Plaintiff's disability-related needs, as protected under Title II of the ADA, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

**Ongoing Harm**

5. Plaintiff continues to suffer severe academic and emotional harm due to Defendant's discriminatory post-OCR conduct. Defendant's continued denial of accommodations has significantly impeded Plaintiff's educational progress and overall well-being, constituting ongoing violations of the ADA and the Rehabilitation Act.

**Legal Argument: Attribution of Failing Grades**

**Introduction**

1. This legal argument pertains to the attribution of failing grades and the associated responsibilities within the context of this lawsuit. Plaintiff, alleges violations of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act against Defendant. It is essential to clarify the allocation of responsibility for any failing grades resulting from Defendant's alleged failures.

**Legal Principles**

2. The ADA, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, establish that educational institutions must provide reasonable accommodations to students with disabilities, ensuring equal access to educational programs and services.

3. These laws place the onus on the educational institution to promptly and effectively provide

reasonable accommodations as determined through the interactive process, which may include extended time for examinations, accessible course materials, and other necessary adjustments.

**Defendant's Actions and Failures**

4. Plaintiff contends that Defendant has engaged in actions and failures as detailed in the factual allegations, including delays, deflective tactics, and denial of requested accommodations, all of which impeded Plaintiff's ability to access educational opportunities.

**Attribution of Failing Grades**

5. Within this context, it is crucial to address the attribution of any failing grades that may arise due to Defendant's alleged barriers, including delays, deflective tactics, and denial of accommodations.

6. Plaintiff maintains that any such failing grades should not be attributed to Plaintiff but should instead be attributed to the consequences of Defendant's actions and inactions, which violated the ADA and Section 504.

**Legal Precedent**

7. Legal precedent supports the principle that educational institutions are responsible for providing reasonable accommodations and ensuring equal access to educational opportunities for students with disabilities. As such, any academic harm resulting from the failure to provide these accommodations should be attributed to the institution and not to the individual with a disability.

## COUNT VIII: DISCRIMINATION UNDER THE ADA AND REHABILILATION ACT VIA THE DEFENDTANT'S PATTERN OF EGREGIOUS NONCOMPLIANCE AND OBSTRUCTION

Fraudulent Reporting Under a Federal Disability Discrimination Compliance Agreement

Evidence and Argument:

- Defendant John Jay College was under a Voluntary Compliance Agreement with the U.S. Department of Education's Office for Civil Rights to remedy disability discrimination and denial of accommodations to students.
- As part of this agreement, Defendant was required to submit regular reports detailing its progress in areas such as training, policy updates, and handling of accommodation requests.
- Plaintiff can prove these mandated reports were intentionally falsified to cover up Defendant's

non-compliance with the agreement terms and ongoing violations of federal disability statutes.

- Specifically, Defendant misrepresented key data regarding improvement in its accommodation approval rate, timeliness of accommodations, and adherence to mandated procedures.
- By concealing material facts through falsified reporting, Defendant obstructed oversight and external monitoring of its discriminatory practices. This demonstrates egregious, willful non-compliance.
- Plaintiff argues this pattern of deception provides evidence of Defendant's deliberate indifference to the rights of students with disabilities. It sought to evade accountability through material misrepresentations.

Therefore, Plaintiff contends the falsified reports constitute a gross violation of the Voluntary Compliance Agreement and provide substantiation of Defendant's continued discrimination against students, including Plaintiff, under the ADA and Rehabilitation Act.

# COUNT VIIII:    VIOLATION OF FEDEARL DISABILITY LAWS AND RETALIATIONS

8. Background Information I am a student who is legally blind and attending John Jay College, pursuing a computer science degree. I am currently enrolled in three courses: "Ethics and Technology," "Computer Programming," and "Math 141 Pre-Calculus." Critical Accommodations At the outset, I must emphasize the critical importance of these three essential accommodations: the provision of digital texts for "Ethics and Technology," large print materials, and accessible paper format materials for the "WebAssign" software. These accommodations are integral to my educational pursuits in three core courses: "Ethics and Technology," "Computer Programming," and "Math 141 Pre-Calculus." Regrettably, these accommodations have been consistently denied, severely hindering Plaitntiff's academic progress, especially as I find myself in the seventh week of these courses.

**Evidence of Retaliation**

9. The denial of these accommodations has placed me at a severe disadvantage, jeopardizing my ability to succeed in these courses. The critical importance of these accommodations is not lost on those responsible for their denial, and it is evident that their actions are not motivated by a commitment to my educational well-being but rather by a desire to exact retribution for my previous complaints filed with various state and federal agencies. The Vital Role of "Ethics and Technology" I wish to underscore the vital role of the "Ethics and Technology" textbook, which

is not a mere supplementary resource but an indispensable component for the successful completion of my current course and Plaintiff's performance in forthcoming examinations.

10.     As Plaintiff enters the seventh week of his academic term, it has become alarmingly clear that the denial of this fundamental resource has placed me at a severe disadvantage. Those responsible for these actions are fully cognizant of the pivotal role this textbook plays in my academic journey.

**Clear Assurances and Broken Promises**

11.     The continued withholding of the necessary accommodations has created a situation wherein Pliantiff is perilously close to receiving a significantly lower grade or even failing the course, all due to circumstances entirely beyond my control. This situation is not only unjust; it constitutes a blatant violation of my rights under federal disability laws.

12.     The Director of Accessibility at John Jay College, provided assurances that Plaintiff would receive accommodations inclusive of materials featuring an appropriate font size and access to my Technology & Ethics textbook in an accessible digital format. Unfortunately, these assurances have remained unfulfilled, significantly impairing my ability to learn effectively.

13.     Plantiff's requests for large print materials in the font size essential for my needs have been summarily denied, leaving me to rely on inadequate magnifiers that drastically hinder my ability to comprehend complete pages. The Issue of "WebAssign" Accessibility The denial of the "WebAssign" accommodations further compounded the challenges Plaintiff faced in his coursework. This software, integral to Pliantiffs "Math 141 Pre-Calculus" course, had been found to be in violation of the ADA, rendering it inaccessible for students with disabilities, including myself. Although the college indicated that Plaintiff would receive a paper version of the materials as an alternative; however, there has been no clear communication regarding how this will be provided or implemented, this it has been learned has been dedtrimental to plaintiff and as retialiation.

14.     The absence of clarity and action on the accessibility of the WebAssign software raises grave concerns that the college may be intentionally concealing or mishandling accommodations, potentially placing Plaintiff at a significant disadvantage in my coursework. It appears that, once again, Pliantiff has been left to face the possibility of failing or receiving a lower grade due to circumstances beyond his control. This situation seems to be a retaliatory response to Plaintif"s previous complaints, further highlighting the unjust treatment Plaintiff has endured. Multiple

Violations of Federal Law Plaintiff emphasized that these actions are not only deeply unjust but also a direct violation of Plaintiff's rights under federal disability laws.

15.     Defendantts exemplify a hostile environment that seeks to undermine Plaintiff's educational progress based on Plaintiff's disability and advocacy for his rights.

## Request for Immediate Action

16.     In light of these disturbing developments, Plaintiff  kindly request that the court take immediate and comprehensive action to investigate the circumstances surrounding these issues, including the denial of accommodations for the "WebAssign" software, as they appear to be part of a  larger, systemic pattern of discrimination and potential retaliation against students with disabilities.

## Concerns Regarding Potential Retaliation

17.     Furthermore, Pliantiff is gravely concerned about the enduring pattern of rights violations, which persists despite assurances from Defendant.

## VI. Conclusion

8. In conclusion, this legal argument underscores the importance of appropriately assigning responsibility for any failing grades incurred by Plaintiff. It asserts that such grades, if arising from Defendant's actions and failures, should rightfully be attributed to Defendant and remedied in a manner consistent with the obligations imposed by the ADA and Section 504.

9. It is Plaintiff's position that the failing grades, if any, should be rectified by Defendant to ensure that Plaintiff's academic record accurately reflects their abilities and that the consequences of Defendant's actions and inactions are duly acknowledged.

## VI. Prayer for Relief

6. Plaintiff respectfully requests that the Court grants the following relief:

a. A declaration that Defendant's post-Office Civil Rights conduct constitutes violations of the ADA and Section 504.

b. An injunction mandating Defendant to immediately provide all reasonable and appropriate accommodations to Plaintiff in compliance with the ADA and Section 504.

c. Compensatory damages for the academic and emotional harm suffered by Plaintiff as a direct result of

Defendant's ongoing violations.

d. An award of reasonable attorney's fees and costs incurred in pursuing this action.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. Declare that Defendant's actions violate the ADA and the Rehabilitation Act;

B. Issue an injunction requiring Defendant to provide reasonable accommodations and prevent future violations;

C. Award compensatory damages, including medical expenses, emotional distress, and lost opportunities;

D. Award punitive damages to deter future violations;

E. Award reasonable attorney's fees and costs incurred by Plaintiff;

F. Grant any other relief that this Court deems just and proper.

## X. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims triable to a jury.

DATED: 10/    /2023

**Franklin Mendez,**
**Attorneys for Plaintiff**

CC:

**Vice President Legal Counsel – Defendant**
**Tony Balkissoon**
**John Jay College of Criminal Justice**
**524 West 59th Street, New York, New York 10019**

**Defendant**

**Franklin Mendez- Plaintiff**

**550 West 174th Apt. 5,**

**New York, New York 10033**

**fmendez3327@gmial.com**

**(646) 641-6805**

20 of 20