

**Office of the New York State**  
**Attorney General**

**Letitia James**  
**Attorney General**

January 15, 2025

Honorable Lorna G. Schofield  
United States District Judge  
Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, NY 10007  
Via ECF

        RE:    *Mendez v. John Jay College of Criminal Justice*  
                 1:23-CV-08816 (LGS)

Dear Judge Schofield:

      This office represents Defendant, The City University of New York (s/h/a "John Jay College of Criminal Justice") in this action. Per Your Honor's December 18, 2024 Order (ECF No. 53), I write to provide a proposed Civil Case Management Plan and Scheduling Order (Ex. A) and to advise the Court that Defendant is not interested in pursuing alternative dispute resolution at this time (Plaintiff has suggested that he is).

      After exchanging several drafts of Your Honor's Scheduling Order Form, Plaintiff and Defendant were unable to agree on a schedule.[1] Defendant first sent a proposed schedule to Plaintiff on January 8, 2025. Plaintiff agreed to the proposed dates, and made some other edits to the scheduling order. Defendant provided a revised draft incorporating those changes, and asked Plaintiff to sign the proposed scheduling order. However, on January 14, 2025, Plaintiff returned the proposed order with revised dates (Ex. B). Plaintiff also indicated that he was submitting a letter to the Court seeking different deadlines (which did not match either the initially agreed upon deadlines or the deadlines that Plaintiff proposed in the revised draft scheduling order).

      While Defendant does not object to some of Plaintiffs revisions to the proposed schedule (such as where Plaintiff proposes deadlines up to two weeks after Defendant's proposal), Defendant does not agree to certain extended deadlines proposed by Plaintiff, including any extension of the completion of discovery beyond May 2025. Thus, in the interest of compromise, Defendant is attaching a proposed Scheduling Order adopting some of Plaintiff's suggested deadlines.

---

[1] By letter dated January 8, 2025, Plaintiff requested that all communications from my office be sent by email.

The Hon. Lorna G. Schofield                                                                                                   Page 2 of 2
January 15, 2025

      Because discovery should be limited in this case, Defendant respectfully requests that the Court adopt the proposed Scheduling Order attached as Exhibit A.

      Respectfully submitted,

                                                               */s/ Samuel A. Martin*
                                                               Samuel A. Martin
                                                                Assistant Attorney General
                                                               Tel.: (212) 416-8920
                                                                samuel.martin@ag.ny.gov

CC:

Plaintiff *pro se* (Via Mail and Email)

<u>Exhibit A</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
:
Franklin Mendez                                  :
                                                 :
                             Plaintiff(s),       :      1:23  Civ. 08816 (LGS)
              -v-                                :
                                                 :      CIVIL CASE
John Jay College of Criminal Justice             :      MANAGEMENT PLAN
                             Defendant(s).       :      AND SCHEDULING
                                                 :           ORDER
------------------------------------------------ X

LORNA G. SCHOFIELD, United States District Judge:

     This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.      All parties [consent _____ / do not consent __x__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.      The parties [have _____ / have not __x__] conferred pursuant to Fed. R. Civ. P. 26(f).

3.      This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a.      An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
       [Yes _____ / No __x__]

    b.      A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
       [Yes _____ / No __x__]

    c.      A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
       [Yes _____ / No __x__]

    d.      A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
       [Yes _____ / No __x__]

4. Alternative Dispute Resolution/Settlement

   a. Settlement discussions [have _____ / have not __x__] taken place.

   b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
   N/A

   c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
   Plaintiff's Position: A settlement conference before a Magistrate Judge (as suggested by the Court during the conference hearing dated December 18th, 2024)
   Defendant's position: Defendant does not wish to proceed with alternative dispute resolution at this time.

   d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
   N/A

   e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after 1/22/2025 without leave of Court.

6. Amended pleadings may be filed without leave of Court until 1/22/2025.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery

   a. All fact discovery shall be completed no later than 5/9/2025.
   *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by 2/17/2025.

      c.       Responsive documents shall be produced by 3/14/2025       .
              Do the parties anticipate e-discovery?  [Yes x       / No       ]

      d.       Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by 2/17/2025       .

      e.       Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by 4/30/2025       .

      f.       Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by 3/28/2025       .

      **g.       Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9.     Expert Discovery [if applicable]

      a.       Anticipated types of experts if any:
              N/A

      b.       If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than                         .
              *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit *if you have not identified types of experts.*

      c.       If you have identified types of experts in question 9(a), by         *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.    This case [is x       / is not       ] to be tried to a jury.

11.    Counsel for the parties have conferred and their present best estimate of the length of trial is three days                .

3

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    _____
    _____
    _____
    _____
    _____
    _____
    _____

13. Status Letters and Conferences

    a. By <u>3/17/2025</u> *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

    b. By <u>5/23/2025</u> *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On <u>6/2/2025</u> at _____ A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

        ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

5

    Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

    The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference, even though the conference will be held by telephone.

    SO ORDERED.

Dated: _____
    New York, New York

                                  LORNA G. SCHOFIELD
                                  United States District Judge

Counsel for the Parties:

                                  LETITIA JAMES

                                  New York State Attorney General Attorney for Defendant
                                  By:
                                  /s/ Samuel A. Martin
                                  Assistant Attorney General Tel.: 212-416-8920
                                  samuel.martin@ag.ny.gov

<u>Exhibit B</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

Franklin Mendez :

                      :
                      1:23 Civ. 08816(LGS)

:                       <u>CIVIL CASE</u>
:                       <u>MANAGEMENT PLAN</u>

Plaintiff(s), :

        -v- : John Jay College of Criminal Justice  :   <u>AND SCHEDULING  ORDER</u>

                     :
                     Defendant(s).
                     X

-----------------------------------------------------------------
LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

   1. All parties [consent _____ / do not consent __x__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

   2. The parties [have _____ / have not ___x___] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

     a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes _____ / No ___x__ ]

     b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
   [Yes _____ / No ___x___ ]

     c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g schofield

[Yes _____ / No \_\_x\_\_ ]

    d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No\_\_\_x\_\_\_ ]

Revised January 3, 2023

4. Alternative Dispute Resolution/Settlement

    a. Settlement discussions [have _____ / have not \_\_x\_\_] taken place.

    b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

_____N/A_____

    c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
Plaintiff's Position: A settlement conference before a Magistrate Judge (as suggested by the Court during the conference hearing dated December 18th, 2024)
Defendant's Position: Defendant does not wish to proceed with alternative dispute resolution at this time

    d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

\_\_\_\_\_N/A_____

    e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after \_\_\_2/15/2025\_\_ without leave of Court. 6.

Amended pleadings may be filed without leave of Court until \_\_\_\_2/15/2025\_\_\_\_\_ .

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than

_____14___ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery

    a. All fact discovery shall be completed no later than _____6/9/2025_____.*[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

    b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by ____3/7/2025_____.2

    c. Responsive documents shall be produced by _____4/1/2025_____. Do the parties anticipate e-discovery? [Yes __x__ / No _____]

    d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by _____2/15/2025_____.

    e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by _____4/30/2025_____.

    f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by _____4/28/2025_____.

    g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

    a. Anticipated types of experts if any:
    _____
    ___N/A _____
    _____

    b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than _____.
    *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

    c. If you have identified types of experts <u>in question</u> 9(a), by _____ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before <u>those</u> of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is __x__ / is not _____] to be tried to a jury.

11. Counsel for the parties have conferred and their present best <u>estimate of</u> the length of trial is _____<u>three days</u>_____.

3

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

_____
_____
_____
_____
_____
_____
_____

13. Status Letters and Conferences

    a. By _____<u>4/17/2025</u>_____ *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

    b. By _____<u>5/30/2025</u>_____ *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On _____<u>6/20/2025</u>_____ at _____A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

        ii. **If no pre-motion letter is timely filed, this conference will be canceled**

     **and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

  This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

4

  Notwithstanding any rules governing discovery or other deadlines, the parties shall follow the deadlines set forth heother rein unless expressly ordered otherwise by the Court.

  The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference, even though the conference will be held by telephone.


  SO ORDERED.


Dated: ____1-12-2025_____
   New York, New York

                   _____
                     LORNA G. SCHOFIELD
                    United States District Judge

Counsel for the Parties:

_____

Franklin

mendez_____

_____

5