UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANKLIN MENDEZ, Plaintiff, -against- JOHN JAY COLLEGE OF CRIMINAL JUSTICE, Defendant. | 23 Civ. 8816 (LGS) **OPINION & ORDER** |

LORNA G. SCHOFIELD, District Judge:

Plaintiff Franklin Mendez brings this action pro se against Defendant City University of New York ("CUNY"), named as John Jay College of Criminal Justice ("John Jay").[1] The remaining claims assert violations of Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. Defendant moves for summary judgment on all remaining claims. For the following reasons, the motion is granted in part and denied in part. Defendant's sovereign immunity defense to the ADA claims is held in abeyance.

## I. BACKGROUND

The following facts are taken from the parties' submissions and are construed in favor of Plaintiff as the non-moving party. *See Torcivia v. Suffolk Cnty.*, 17 F.4th 342, 354 (2d Cir. 2021).

### A. Summer 2023

Plaintiff is a student at John Jay. Plaintiff is legally blind. Following discussions with Plaintiff and before Plaintiff began taking classes, a John Jay disability support specialist emailed Plaintiff an agreed-upon list of disability accommodations including:

[1] John Jay is a senior college of CUNY and is not a "legally cognizable entity apart from CUNY." *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81 n.2 (2d Cir. 2004). Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

- Priority registration;
- Extended time on exams and quizzes;
- Separate location;
- Peer notetaker;
- Use of a screen reader;
- Use of a computer enabled with specified software;
- Use of a reader and
- Use of a scribe.

Plaintiff responded, "Great, thank you so much!"

Plaintiff began taking classes at John Jay in Summer 2023, when he enrolled in MAT 105. As part of his accommodations for MAT 105, Plaintiff was assigned a notetaker, Suzan Alshabbi. Ms. Alshabbi instructed Plaintiff on the use of Aleks, an online platform used to submit homework for the class, and Plaintiff was "able to access and use [Aleks] throughout the Summer 2023 semester." Plaintiff received an accessible copy of the textbook for this class on June 20, 2023, which was nearly one month before the class began. Plaintiff received a grade of C+ in MAT 105.

**B. Fall 2023**

The next term, in Fall 2023, Plaintiff enrolled in three classes: MAT 141, CSCI 271 and PHI 216. On August 14, 2023, shortly before classes began, Plaintiff emailed several John Jay administrators seeking additional disability accommodations. Specifically, Plaintiff wrote that he had become aware of a Voluntary Compliance Agreement entered between the Department of Justice ("DOJ") and CUNY relating to John Jay's failure to accommodate a complainant with a vision-based disability, and requested additional support consistent with that agreement, including:

- Specialized tutoring;
- Timely access to digital course materials and
- Enhanced accommodation and complaint mechanisms.

Plaintiff requested tutors for MAT 141 and CSCI 271, which John Jay provided. Plaintiff

also requested a description of the process of filing a complaint and the appeal process relating to disability accommodations. The next day, a John Jay administrator responded to Plaintiff with a link to CUNY's policies and resources pertaining to reasonable accommodations and academic adjustments and stated, "This page has all the resources you're looking for."

**1. Accommodations Provided**

**a. MAT 141**

John Jay assigned Lisa Dunkley as Plaintiff's tutor for MAT 141 and Cinthia Salgado as Plaintiff's notetaker for MAT 141. Ms. Dunkley has over a decade of tutoring experience and specializes in tutoring students with disabilities. However, Ms. Salgado has no mathematics background and "could not accurately describe graphs, equations, or mathematical notation that [Plaintiff] was unable to see."

John Jay emailed Plaintiff digital copies of his textbook for MAT 141 on August 30, 2023, and Plaintiff confirmed receipt shortly thereafter. Homework assignments for Plaintiff's MAT 141 class were posted on WebAssign, an online learning platform. All homework assignments were due at the end of the term on December 18, 2023, and students were permitted to complete the assignments at any point during the term. On August 28, 2023, Plaintiff emailed John Jay administrators to complain that his math class involved the use of WebAssign, which the DOJ had determined was insufficiently accessible to the visually impaired complainant underlying the Voluntary Compliance Agreement.

On August 30, 2023, a John Jay administrator emailed Plaintiff that he would "not be required to use the Web Assign software in" MAT 141. Instead, John Jay was to provide paper copies of the homework assignments. However, John Jay was initially unable to print the homework assignments in size 14 font, which was the minimum font size necessary for Plaintiff

to read the assignments. John Jay was eventually able to print the homework assignments in a sufficiently large format by October 30, 2023.

**b. CSCI 271**

John Jay assigned Leandro Gamarra Montero as Plaintiff's tutor for CSCI 271 and Ms. Alshabbi, who had previously been Plaintiff's notetaker for MAT 105 in Summer 2023, as Plaintiff's notetaker for CSCI 271. Mr. Montero has no apparent background in computer science or training in supporting blind students and "was unable to explain programming concepts such as logic, debugging, or syntax in accessible ways." Ms. Alshabbi "could not describe code output, error messages, or algorithmic flow -- all of which are visually based and essential for understanding programming."

John Jay emailed Plaintiff a digital copy of his textbooks for CSCI 271 on August 21, 2023, and Plaintiff confirmed receipt shortly thereafter.

**c. PHI 216**

Unlike for MAT 141 and CSCI 271, Plaintiff did not request tutoring for PHI 216. However, on September 11, 2023, Plaintiff emailed John Jay that he had not received his PHI 216 textbook in a PDF format and that the previously provided format was inaccessible to him. Plaintiff did not confirm that he had gained access to an accessible textbook format until around the tenth week of the term.

**2. Course of Term**

On November 6, 2023, Plaintiff received an "accommodation card" from Ms. Alshabbi. John Jay provides cards to students receiving accommodations to help those students convey their entitled accommodations to their professors. The accommodation card that Plaintiff received in November 2023 was dated August 21, 2023.

Meanwhile, also during the Fall 2023 term, John Jay's Office of Accessibility Services transitioned to new leadership. Dr. Elena Beharry became the interim director of the office on October 1, 2023, and has since become the full director. This disruption led to inconsistent communication, delayed responses and lack of continuity in accommodation support.

Plaintiff stopped attending CSCI 271 and MAT 141 in November 2023, ceased contact with Ms. Dunkley around the same time and ultimately withdrew from those classes. Plaintiff received a grade of C+ in PHI 216.

**C. Spring and Fall 2024**

After the Fall 2023 term, Plaintiff changed his major from Computer Science and Information Security to Criminal Justice. Plaintiff now enrolls only in online, asynchronous courses because he does not trust John Jay reliably to provide accommodations for in-person courses.

**D. Procedural History**

Plaintiff initiated this action on October 6, 2023, during the Fall 2023 term. Plaintiff also sought a temporary restraining order and preliminary and permanent injunctive relief. By Order entered January 19, 2024, the temporary restraining order and preliminary injunctive relief were denied as moot, and the motion for permanent injunction was held in abeyance pending resolution of the action. By Order entered December 18, 2024, Claims IV, V, VI and VIII of the Complaint were dismissed. The remaining claims, addressed in Defendant's motion and below, are for failure to make a reasonable accommodation in violation of the ADA and Rehabilitation Act (Claims I, II and VII), denial of access to grievance procedures under the ADA (Claim III) and retaliation in violation of the ADA and Rehabilitation Act (Claim IX).

## II. STANDARD

### A. Summary Judgment Legal Standard

In evaluating a motion for summary judgment, a court must "construe the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Torcivia*, 17 F.4th at 354. Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine dispute as to a material fact precludes summary judgment where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Capitol Recs., LLC v. Vimeo, Inc.*, 125 F.4th 409, 418 (2d Cir.), *amended on reh'g on other grounds*, 151 F.4th 13 (2d Cir. 2025). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *accord Saleem v. Corp. Transp. Grp.*, 854 F.3d 131, 148 (2d Cir. 2017).

When the movant properly supports its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by citing materials in the record. Fed. R. Civ. P. 56(c)(1)(A). "A party opposing summary judgment normally does not show the existence of a genuine issue of fact to be tried merely by making assertions that are based on speculation or are conclusory." *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021). Local Rule 56.1(b) requires the non-moving party to admit or deny each statement of material fact proffered, with each denial "followed by citation to evidence that would be admissible." Local Civ. R. 56.1(b)-(d). When a non-movant fails to support its purported denial of a statement of fact with admissible evidence, that fact "will be deemed to be admitted for the purposes of the motion." *Id*. R. 56.1(c). Where "the record does not support the assertions . . . those assertions

should be disregarded." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *accord Brooke v. Cnty. of Rockland*, No. 17 Civ. 3166, 2021 WL 809320, at *2 n.2 (S.D.N.Y. Mar. 3, 2021), *aff'd*, No. 21-598, 2022 WL 6585350 (2d Cir. Oct. 11, 2022).

Pro se litigants are afforded "special solicitude when confronted with motions for summary judgment." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023). Still, "proceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions unsupported by evidence . . . are insufficient to overcome a motion for summary judgment." *Az-Zahid v. Murphy*, No. 23 Civ. 6718, 2026 WL 880539, at *5 (S.D.N.Y. Mar. 31, 2026).

**B. ADA and Rehabilitation Act Legal Standard**

Title II of the ADA and Section 504 of the Rehabilitation Act prohibit public entities and federally funded entities from excluding individuals with disabilities from participation in those entities' services, denying benefits of those services to individuals with disabilities or discriminating against individuals with disabilities. *See* 42 U.S.C. § 12132 (ADA); 29 U.S.C. § 794(a) (Rehabilitation Act). "Because the standards imposed by Title II on public entities are generally equivalent to those of § 504, [courts] treat claims under the two statutes identically in most cases." *Tardif v. City of New York*, 991 F.3d 394, 406 n.10 (2d Cir. 2021). "To establish a prima facie violation under these acts, a plaintiff must demonstrate (1) that she is a qualified individual with a disability; (2) that the defendants are subject to one of the Acts; and (3) that she was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of her disability." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 187 (2d Cir. 2015);

*Bruckauf v. N.Y.C. Dep't of Educ.*, No. 25 Civ. 420, 2026 WL 861671, at *5 (S.D.N.Y. Mar. 30, 2026).

## III. DISCUSSION

### A. Failure to Accommodate (Claims I, II and VII)

The Complaint asserts claims that Defendant violated the ADA and Rehabilitation Act by failing to provide reasonable accommodations for Plaintiff's disability. Summary judgment is denied as to the Fall 2023 term and is granted as to all other terms.

When a complaint asserts a failure to provide a reasonable accommodation, a court asks "whether a plaintiff with disabilities as a practical matter was denied meaningful access to services, programs or activities to which he or she was legally entitled." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 91 (2d Cir. 2021). "Where a defendant's educational institution has implemented or offered an accommodation, the institution will be entitled to summary judgment only if the undisputed record reveals that the plaintiff was accorded a plainly reasonable accommodation." *Dean*, 804 F.3d at 188-89. An "accommodation should be effective; but it need not be perfect." *Porter v. Dartmouth-Hitchcock Med. Ctr.*, 92 F.4th 129, 155 (2d Cir. 2024). "[P]er se rules are unreliable in the disability context," and the "reasonableness of an . . . accommodation is a fact-specific question." *Tudor v. Whitehall Cent. Sch. Dist.*, 132 F.4th 242, 247 (2d Cir. 2025).

#### 1. Summer 2023

Summary judgment is granted to Defendant on the claims relating to the Summer 2023 term because no reasonable jury could find that Defendant failed to accommodate Plaintiff for that term. John Jay provided Plaintiff all accommodations he requested, and the record evidence provides no basis to conclude that these accommodations were ineffective. "It is axiomatic that a

claim for failure to accommodate does not lie where the accommodation received is the accommodation the plaintiff requested." *Dean*, 804 F.3d at 188.

With respect to notetaking, John Jay assigned Ms. Alshabbi to Plaintiff as a "Peer Note Taker," consistent with the agreed-upon accommodations. Plaintiff attests that, "[w]hile not ideal, [Ms. Alshabbi] understood basic mathematical notation and could describe what the professor wrote on the board." With respect to course materials, Ms. Alshabbi instructed Plaintiff on the use of Aleks, an online platform used to submit homework for the class, and states that Plaintiff was "able to access and use [Aleks] throughout the Summer 2023 semester." Plaintiff also confirmed receipt of the electronic copy of the textbook for MAT 105 on June 20, 2023, which was nearly one month before the class began. No reasonable jury could find that John Jay failed to accommodate Plaintiff by failing to provide a notetaker, accessible course materials or any other accommodations to which Plaintiff was entitled. Summary judgment is granted on the claims for failure to accommodate relating to the Summer 2023 term.

### 2. Fall 2023

Defendant argues that summary judgment for the Fall 2023 term is warranted because the accommodations provided during that term were, collectively and individually, reasonable. Summary judgment is denied as to the Fall 2023 term because, viewed collectively, a reasonable jury could conclude that John Jay did not provide "plainly reasonable" accommodations to Plaintiff for any of Plaintiff's classes during the Fall 2023 term, as would be required for summary judgment. *See id.* at 189.

#### a. MAT 141

Viewing the record in the light most favorable to Plaintiff, a reasonable jury could find that the accommodations Plaintiff received for MAT 141 were not "plainly reasonable." *See id.*

In particular, a reasonable jury could conclude that John Jay did not assign a qualified notetaker or provide Plaintiff course materials in a usable format, which precludes summary judgment even in light of the other accommodations that Plaintiff received.

**i. Notetaker**

A reasonable jury could find that John Jay failed to accommodate Plaintiff by not providing a qualified notetaker for MAT 141. John Jay and Plaintiff agreed to a "Peer Note Taker" as a reasonable accommodation. However, Plaintiff's declaration attests that Ms. Salgado's notes were ineffective because Ms. Salgado "could not accurately describe graphs, equations, or mathematical notation that [Plaintiff] was unable to see." The record does not contain any other information regarding Ms. Salgado's qualifications as a math notetaker or the quality of her notes for the Fall 2023 term. Viewing this record in the light most favorable to Plaintiff, a reasonable jury could conclude that Ms. Salgado's assignment as notetaker was not a reasonable accommodation for MAT 141.

Defendant's contrary arguments lack merit. First, Defendant argues that Plaintiff's statements regarding Ms. Salgado's expertise are not based on personal knowledge and assert legal conclusions. These arguments are unavailing because Plaintiff would have personal knowledge of his notetaker's ability to describe material covered in that notetaker's assigned course, and a reasonable jury could conclude based on Plaintiff's testimony that the notetaking Plaintiff received was not a "plainly reasonable" accommodation. *See id.*

Second, Defendant argues that Plaintiff "did not indicate that he deemed that accommodation inadequate," which bars the claim, citing *MacGovern v. Hamilton Sunstrand Corp.*, 50 F. App'x 59, 60 (2d Cir. 2002) (summary order). This argument does not warrant summary judgment. Although "[i]t is axiomatic that a claim for failure to accommodate does not

lie where the accommodation received is the accommodation the plaintiff requested," a reasonable jury could conclude that Plaintiff "was not afforded the accommodation he sought" to the extent that Ms. Salgado was not sufficiently qualified to be an effective notetaker. *See Dean*, 804 F.3d at 188.

In *MacGovern*, the Second Circuit concluded that the plaintiff's claim failed because he had not participated in an interactive process with his employer other than to accept an accommodation about which he did not complain. *MacGovern*, 50 F. App'x at 60. Here, to the contrary, Plaintiff and John Jay agreed to a list of accommodations, including a "Peer Note Taker," following an interactive process completed before Plaintiff began classes in Summer 2023. A reasonable jury could conclude that John Jay did not provide the agreed-upon accommodation.

**ii. WebAssign**

A reasonable jury also could find that Defendant failed to accommodate Plaintiff regarding the use of WebAssign in MAT 141. On August 28, 2023, Plaintiff emailed John Jay administrators complaining that his math class involved the use of WebAssign. The DOJ had previously determined that WebAssign was insufficiently accessible to the visually impaired complainant underlying the Voluntary Compliance Agreement, and Plaintiff raised concerns that WebAssign would pose a barrier to his participation in MAT 141. John Jay attempted to accommodate Plaintiff's disability by providing printouts of WebAssign homework assignments instead of requiring Plaintiff to use the WebAssign software. However, John Jay was unable to print the homework assignments in a usable format until October 30, 2023, over halfway through the term. A reasonable jury could find that Plaintiff's inability to view or complete homework assignments until late in the term denied Plaintiff meaningful access to MAT 141 in violation of

the ADA and Rehabilitation Act.

Defendant's contrary arguments are unpersuasive. First, Defendant argues that, in a case where an accommodation was delayed as opposed to denied, a plaintiff must show that the delay "was motivated by" discriminatory animus and "sufficiently lengthy to constitute a constructive denial," which Plaintiff cannot show here. *Ashcroft v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 575 F. Supp. 3d 418, 425 n.5 (W.D.N.Y. 2021). The Second Circuit has not adopted or rejected this requirement. To the extent it applies, on this record, a reasonable jury could make both findings. With respect to animus: Although Defendant points to "the consistent effort that John Jay exerted to help Plaintiff succeed in MAT 141" to rebut a charge of discriminatory intent, a reasonable jury could find that Defendant exhibited deliberate indifference because Defendant knew that WebAssign posed accessibility issues for blind students based on the findings of the Voluntary Compliance Agreement. *See Biondo v. Kaleida Health*, 935 F.3d 68, 73 (2d Cir. 2019) (explaining that intentional discrimination may be shown by deliberate indifference for the purpose of the availability of damages under the Rehabilitation Act). And with respect to constructive denial, a reasonable jury could find that the inaccessibility of WebAssign prevented Plaintiff from completing homework assignments until over halfway through the term, which prevented Plaintiff's effective participation in the course.

Second, Defendant argues that Plaintiff was not harmed by the delay in receiving WebAssign printouts because, for instance, (1) Plaintiff was not required to use WebAssign for his class; (2) Plaintiff ultimately received the assignments in usable format over one month in advance of the December due date; (3) Plaintiff had access to regular-size font printouts throughout the semester and (4) Plaintiff's professor provided the class with review sheets to help students prepare for exams, which mitigated any interim harm from Plaintiff's inability to

complete homework assignments. While these facts may support an inference that Plaintiff ultimately was not harmed, the record also supports competing inferences that preclude summary judgment. A reasonable jury could find, for example, that Plaintiff could not participate in class or adequately prepare for exams because he could not complete homework assignments contemporaneously with the professor's coverage of course material.

**iii. Totality of Circumstances**

In light of the totality of the circumstances, a reasonable jury could conclude that John Jay failed to accommodate Plaintiff for MAT 141. Defendant points to other accommodations that Plaintiff received -- for instance, the assignment of Ms. Dunkley, who has over a decade's experience tutoring students in math and specializes in tutoring students with disabilities -- to argue that Plaintiff's accommodations collectively were effective. This argument does not warrant summary judgment. The reasonableness of accommodations "is a fact-specific question," *Tudor*, 132 F.4th at 247, and the jury may weigh Plaintiff's access to tutoring against other accommodations received and barriers Plaintiff faced. Drawing all inferences in favor of Plaintiff, the record does not demonstrate that the accommodations Plaintiff received for MAT 141 were "plainly reasonable" such that summary judgment is appropriate. *See Dean*, 804 F.3d at 189.

Defendant also argues that the claims relating to MAT 141 fail because Plaintiff unilaterally ceased contact with his tutor, Ms. Dunkley, in November 2023, "while there were still exams left in the semester for Plaintiff to improve his grade and before any of his homework assignments were due." This argument alone does not merit summary judgment because it seeks to draw one of several competing inferences about the collective effectiveness of the accommodations that Plaintiff received and the cause of Plaintiff's ultimate withdrawal from

MAT 141. Summary judgment is denied as to MAT 141.

**b. CSCI 271**

Nor has Defendant met its burden on summary judgment with respect to the accommodations Plaintiff received for CSCI 271. A reasonable jury could find that the notetaking and tutoring accommodations provided to Plaintiff were ineffective and not "plainly reasonable." *See id.*

As with MAT 141, John Jay agreed to provide Plaintiff a "Peer Note Taker" for CSCI 271. Plaintiff's declaration attests that Ms. Alshabbi's notes were ineffective because Ms. Alshabbi "could not describe code output, error messages, or algorithmic flow -- all of which are visually based and essential for understanding programming." The record contains no other information about Ms. Alshabbi's qualifications as a computer science notetaker or the quality of her notes for the Fall 2023 term. Viewing this record in the light most favorable to Plaintiff, a reasonable jury could conclude that Ms. Alshabbi's assignment as notetaker was not a reasonable accommodation for CSCI 271.

As with MAT 141, John Jay provided Plaintiff a tutor for CSCI 271 in response to his request for "Specialized Tutoring." The only evidence about Mr. Montero's qualifications as a tutor for CSCI 271 is Plaintiff's attestation that Mr. Montero had "no computer science background and no training in supporting blind students" and "was unable to explain programming concepts such as logic, debugging, or syntax in accessible ways." On this record, Defendant has not met its burden to show that Mr. Montero's assignment as Plaintiff's tutor was a "plainly reasonable" accommodation. *See id.*

To the extent that Defendant repeats the same arguments made as to MAT 141, they lack merit for the same reasons. In addition, Defendant argues that Plaintiff's deposition testimony

belies his argument that Mr. Montero was ineffective -- specifically, testimony that the John Jay administrator who arranged for Mr. Montero to tutor Plaintiff is a "kind-hearted person who is willing to help people." This testimony does not bear on whether Mr. Montero qualified as a "Specialized Tutor[]," which was Plaintiff's requested accommodation. A reasonable jury could conclude that Plaintiff did not receive the accommodations he requested for CSCI 271 because the note taking and tutoring services he received were deficient and that the accommodations he did receive were not "plainly reasonable." *See id.* Summary judgment is denied as to CSCI 271.

**c. PHI 216**

Summary judgment is denied with respect to PHI 216 because Defendant has not met its burden to show that John Jay provided accessible course materials to Plaintiff.

On September 11, 2023, Plaintiff emailed John Jay that he had not received his PHI 216 textbook in a PDF format and that the previously provided format was inaccessible to him. According to Plaintiff's declaration, John Jay did not provide the textbook in an accessible format -- specifically, a Microsoft Word file -- until approximately the tenth week of the term. Drawing all reasonable inferences in favor of Plaintiff, a reasonable jury could conclude that John Jay failed to accommodate Plaintiff for PHI 216 because he could not access the PHI 216 textbook until late in the term.

Defendant argues that the Microsoft Word version of the PHI 216 textbook that Plaintiff ultimately acknowledged was accessible had, in fact, been provided to Plaintiff at the beginning of the term. However, the record evidence that Defendant identifies in support of this argument at most creates a question of fact and does not support summary judgment. Summary judgment is denied as to PHI 216.

### 3. Spring 2024 and Subsequent Terms

Summary judgment is granted to Defendant for the Spring 2024 term and later terms. The Complaint was filed in Fall 2023. However, Defendant's summary judgment filings address the Spring 2024 term and subsequent terms. Even if the Complaint were permitted to be amended to add these additional terms,[2] amendment would be futile because the record evidence does not support such claims. Plaintiff's Opposition and supporting declaration address Spring 2024 and subsequent terms only to note that Plaintiff now takes only online, asynchronous courses and that digital textbooks have continued to arrive late. No reasonable jury could find on this record that John Jay failed to accommodate Plaintiff for these terms. The general assertion that digital textbooks have continued to arrive late is insufficient to support a claim because, to survive summary judgment, a litigant must "come forward with *specific* facts showing that there is a genuine issue for trial." *Guo v. Despins (In re Kwok)*, 172 F.4th 145, 156 (2d Cir. 2026) (emphasis added).

## B. Retaliation (Claim IX)

Summary judgment is granted on the claim for retaliation because no reasonable jury could find that Defendant took an adverse action against Plaintiff because of a protected activity in which Plaintiff had engaged.

To succeed on a claim for retaliation under the ADA or Rehabilitation Act, a plaintiff must show that (i) "plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken

---

[2] Amendment at this late date would be improper in any event. Leave to amend a pleading may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Eastman Kodak Co. v. Henry Bath LLC*, 936 F.3d 86, 98 (2d Cir. 2019). Fact discovery closed June 27, 2025. Defendant's motion for summary judgment has been decided, and the case is now trial ready. Any amendment would create undue delay and prejudice.

against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Natofsky v. City of New York*, 921 F.3d 337, 353 (2d Cir. 2019); *accord Kiraka v. Success Acad. Charter Sch., Hudson Yards*, No. 24 Civ. 2354, 2026 WL 890621, at *8 (S.D.N.Y. Mar. 31, 2026).

The gist of Plaintiff's claim is that Defendant retaliated against him for continuing to press for accommodations for his disability. But the alleged adverse actions taken against him are not legally sufficient to satisfy the third element. Plaintiff's Opposition argues that Plaintiff was affected by (1) continued delays relating to the WebAssign printouts Plaintiff required, (2) transition in John Jay's Office of Accessibility Services, (3) systemic accommodation failures and (4) a card listing Plaintiff's accommodations that was provided to Plaintiff in November 2023, but which was dated August 21, 2023. None of these is legally sufficient.

Whether a decision or course of action is adverse is determined by an objective, not subjective, standard. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68-69 (2006). A plaintiff must establish that a hypothetical "reasonable [student] would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable [student] from" engaging in protected activity (for example, filing an ADA complaint or seeking accommodations). *Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 179 (2d Cir. 2023). "Allegations of adverse actions that occur as a result of generally applicable . . . policies" do not support a retaliation claim because a reasonable person "would not be dissuaded from taking protected action simply because he is subject to the same policies as" others. *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 171 (2d Cir. 2024).

Summary judgment is granted on this claim because no reasonable jury could find that John Jay's actions, even taken together, would have dissuaded a reasonable person from engaging

in protected activity, such as continuing to seek accommodation. Although Defendant's conduct undoubtedly was frustrating to Plaintiff, none of these asserted bases for retaliation, individually or collectively, rise to a level or would be the type of conduct that would dissuade a reasonable plaintiff from engaging in protected activity, which is a requirement to bring a claim for retaliation. *See Carr*, 76 F.4th at 179. In addition, the second and third asserted bases for retaliation -- transition in John Jay's Office of Accessibility Services and systemic accommodation failures -- do not support the claim for retaliation because they are "generally applicable . . . policies" not targeted at Plaintiff specifically. *Sharikov*, 103 F.4th at 171. Summary judgment is granted on the claim for retaliation under the ADA and Rehabilitation Act.

**C. Denial of Access to Grievance Procedures (Claim III)**

Summary judgment is granted on the claim that John Jay failed to provide Plaintiff a copy of its ADA grievance procedures because no reasonable jury could find that the record supports the claim. ADA regulations require that public entities "adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by this part." 28 C.F.R. § 35.107(b). The record reflects that on August 29, 2023, Plaintiff asked John Jay administrators for a description of the process of filing a complaint and the appeal process relating to his disability accommodations. The next day, a John Jay administrator responded to Plaintiff with a link to CUNY's policies and resources pertaining to reasonable accommodations and academic adjustments and stated, "This page has all the resources you're looking for." On this record, no reasonable jury could find that CUNY violated the ADA regulations requiring the school to "adopt and publish" grievance procedures.

Plaintiff's Rule 56.1 Counterstatement argues that John Jay provided information regarding CUNY's grievance procedures only upon request, not affirmatively. However, even to

the extent the relevant ADA regulation is privately enforceable, *see Duffy v. Freed*, 452 F. App'x 200, 202 (3d Cir. 2011) (affirming district court's conclusion that "there is no private right of action to enforce regulations regarding public entities' ADA grievance procedures") (unpublished disposition), the regulation requires a covered entity to "adopt and publish" grievance procedures, not affirmatively provide them in any specified format, 28 C.F.R. § 35.107(b). Summary judgment is granted on the claim that John Jay failed to provide Plaintiff a copy of its ADA grievance procedures.

**D. Sovereign Immunity**

Defendant argues that it is entitled to sovereign immunity on Plaintiff's ADA claims. This defense was previously held in abeyance because the Rehabilitation Act claims cover the same conduct as the ADA claims, and substantially the same remedies are available under either statute. *See Tardif*, 991 F.3d at 406 n.10 (stating that courts treat the statutes "identically in most cases"); *Doherty v. Bice*, 101 F.4th 169, 174 (2d Cir. 2024) (noting that Title II of the ADA "expressly links the remedies, procedures, and rights provided by Title II to the remedies, procedures, and rights set forth in the Rehabilitation Act"), *cert. denied*, 145 S. Ct. 381 (2024). The sovereign immunity defense is again held in abeyance pending resolution of Plaintiff's remaining claims.

**E. Relief**

Defendant argues that Plaintiff has adduced no evidence supporting damages and that any claims for injunctive relief are moot because the violations relate to past terms. This argument does not support summary judgment. Plaintiff may seek economic damages to be proven at trial and at minimum may be entitled to nominal damages. *See Nieves v. Plaza Rehab. & Nursing Ctr.*, No. 20 Civ. 1191, 2023 WL 4763945, at *10 (S.D.N.Y. July 26, 2023) (concluding that

nominal damages may be available under Rehabilitation Act even if not explicitly pleaded in complaint).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED in part** and **DENIED in part**. Summary judgment is granted in full on Claims III (denial of access to grievance procedures under the ADA) and IX (retaliation in violation of the ADA and Rehabilitation Act). Summary judgment is granted on the claims for failure to provide reasonable accommodations -- Claims I (ADA), II (Rehabilitation Act) and VII (ADA and Rehabilitation Act) -- except to the extent they assert that Defendant failed to provide a reasonable accommodation for the Fall 2023 term. For clarity, the surviving claims are Claims I, II and VII based on the allegations that Defendant failed to provide a reasonable accommodation for the Fall 2023 term. The sovereign immunity defense to the ADA claims, Counts I and VII, is held in abeyance.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 135.

Dated: September 18, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE