Franklin Mendez
2 Ocean Drive, Apt. 17J
Brooklyn, NY 11224
(646) 641-6805
fmendez3327@gmail.com
September 22, 2026

Plaintiff's motion for the appointment of counsel is **GRANTED** for substantially the reasons stated in the motion. The Court respectfully directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of settlement discussions, pretrial proceedings and trial in the above-captioned action on behalf of Plaintiff.

The conference scheduled for September 29, 2026, is **ADJOURNED** to **December 1, 2026 at 3:15 P.M.**, to provide pro bono counsel time to make an appearance.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 173.

Dated: September 28, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

VIA ECF
Pro-Se Office
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

***Franklin Mendez vs. John Jay College*** **- Case No. 23-CV-08816 (LGS)(SDNY)**

## Re: REQUEST FOR APPOINTMENT OF COUNSEL

Dear Judge Schofield:

I am writing to respectfully request that this Court appoint pro bono counsel to represent me, Franklin Mendez, for all purposes through trial.

For 35 months, I have litigated this action *pro se*, successfully defeating Defendant's Motion to Dismiss and surviving their Motion for Summary Judgment. The Court's recent denial dated September 18th, 2026, of summary judgment confirms that my claims under the ADA and Rehabilitation Act possess substantial merit. However, surviving the procedural hurdles is different from the adversarial crucible of a jury trial.

While I have been diligent in managing written discovery, the transition to trial presents an insurmountable challenge for a blind litigant. As detailed in my accompanying motion, I am unable to independently perform essential trial functions, such as observing witness demeanor, managing exhibits in real-time, and countering the sophisticated procedural maneuvers of opposing counsel from the New York Attorney General's Office.

The legal issues are complex, involving the interpretation of the **2023 Voluntary Compliance Agreement (VCA)**, the application of **A.J.T**., and allegations of retaliation by high-ranking university officials. Requiring me to navigate this complex trial environment without counsel would deny me meaningful access to justice.

Given the disparity in resources, my visual impairment, and the exceptional circumstances of this case, I respectfully ask that the Court exercise its discretion under **28 U.S.C. § 1915(e)(1)** to appoint counsel from the SDNY Civil Pro Bono Panel.

**Respectfully submitted,**

**/s/ Franklin Mendez**
**FRANKLIN MENDEZ**
**Plaintiff, Pro Se**

**CC:**

Samuel A. Martin, Esq.
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
samuel.martin@ag.ny.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

FRANKLIN MENDEZ,

*Plaintiff,*

- against -

**MOTION FOR APPOINTMENT OF PRO BONO COUNSEL**

THE JOHN JAY COLLEGE OF CRIMINAL JUSTICE,

*Defendant.*

**No. 23-CV-08816 (LGS)**

**PLAINTIFF FRANKLIN MENDEZ'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL**

Plaintiff Franklin Mendez, proceeding pro se and respectfully on his own behalf, moves this Court for the appointment of pro bono counsel pursuant to **28 U.S.C. § 1915(e)(1)** and the Court's inherent authority. In support of this motion, Plaintiff states as follows:

**INTRODUCTION**

This case has now passed the dispositive stage. The Court has denied Defendant's motion for summary judgment, expressly finding that genuine disputes of material fact exist with respect to Plaintiff's claims under **Title II of the Americans with Disabilities Act ("ADA")** and **§ 504**

**of the Rehabilitation Act**. As a result, this matter is proceeding toward trial and will require sophisticated evidentiary presentation, witness examination, and credibility determinations.

Plaintiff is legally blind. Defendant is represented by the New York State Attorney General's Office, a highly resourced government law firm. The imbalance between the parties—combined with Plaintiff's disability, the procedural posture of the case, and the complexity of the legal and factual issues—constitutes the type of exceptional circumstance that warrants appointment of counsel under Second Circuit law.

## LEGAL STANDARD

Under **28 U.S.C. § 1915(e)(1),** a district court may request that an attorney represent an indigent litigant. In the Second Circuit, courts consider the factors articulated in ***Hodge v. Police Officers*****, 802 F.2d 58 (2d Cir. 1986)**, including:

1. Whether the plaintiff's claims appear to have substance;
2. The plaintiff's ability to investigate and present the case;
3. The complexity of the legal issues; and
4. Whether appointment of counsel would lead to a more just determination.

Once a claim has survived summary judgment, the first ***Hodge*** factor is generally satisfied, and the inquiry shifts to whether counsel is necessary to ensure a fair adjudication. **See *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989).**

## ARGUMENT

### I. THE COURT'S DENIAL OF SUMMARY JUDGMENT CONFIRMS THAT PLAINTIFF'S CLAIMS ARE SUBSTANTIAL AND MERITORIOUS

This Court has already determined that Plaintiff's claims are legally cognizable and factually supported, denying Defendant's motion for summary judgment and finding genuine disputes of material fact. That ruling alone weighs heavily in favor of appointing counsel.

Plaintiff has alleged—and supported with evidence—a pattern of disability discrimination, including:

- The use of inaccessible WebAssign software;
- Repeated failures to provide timely and effective accommodations;
- Conflicting and potentially altered documentation regarding accommodations; and
- Administrative conduct that mirrors deficiencies identified in prior federal oversight actions involving the institution.

At this stage, Plaintiff is no longer attempting to merely state a claim; he must now prove it before a factfinder. Courts in this Circuit routinely recognize that cases surviving summary judgment present the strongest justification for appointment of counsel.

### II. PLAINTIFF'S LEGAL BLINDNESS SUBSTANTIALLY IMPAIRS HIS ABILITY TO LITIGATE THIS CASE WITHOUT COUNSEL

Although Plaintiff has prosecuted this action diligently, his visual impairment creates barriers that no amount of effort can overcome in trial-level litigation.

Federal litigation is intensely visual. Plaintiff cannot, without assistance:

- Efficiently review and monitor ECF filings, including formatting changes, embedded exhibits, and docket irregularities;
- Inspect documentary evidence for authenticity, including metadata, date inconsistencies, or physical alterations—an issue directly implicated in this case by Defendant's production of a disputed accommodation identification card;
- Track and respond to procedural maneuvering, such as Defendant's reliance on grievance links, internal processes, and hypertechnical defenses embedded in lengthy filings; or
- Observe witness demeanor, manage exhibits in real time, or conduct effective cross-examination at trial.

## III. THIS CASE PRESENTS EXCEPTIONAL CIRCUMSTANCES WARRANTING THE APPOINTMENT OF COUNSEL

The present posture of this case constitutes an exceptional circumstance under **28 U.S.C. § 1915(e)(1)**. The Court's denial of Defendant's motion for summary judgment confirms that this matter involves disputed issues of fact that must be resolved through trial proceedings, including witness testimony, credibility determinations, and the presentation of documentary evidence.

At this stage, the litigation demands skills that exceed those reasonably expected of a *pro se* litigant—particularly one who is legally blind. Trial preparation and trial advocacy require real-time interaction with exhibits, the ability to track testimony as it unfolds, timely objections, and effective cross-examination of adverse witnesses. These demands are further heightened where, as here, Defendant is represented by experienced government counsel.

Plaintiff's visual impairment prevents him from independently performing core trial functions, including reviewing exhibits as they are introduced, observing witness demeanor, or responding promptly to procedural developments in the courtroom. Without appointed counsel,

Plaintiff will be unable to fully and fairly present his case to the factfinder, despite having survived summary judgment on the merits.

Courts in this Circuit have repeatedly recognized that when a case proceeds beyond dispositive motions and toward trial, the balance tips strongly in favor of appointing counsel to ensure a just adjudication—especially where the plaintiff faces structural or disability-related barriers to self-representation.

**IV. APPOINTMENT OF COUNSEL IS NECESSARY TO ENSURE MEANINGFUL ACCESS TO JUSTICE**

The ADA was enacted to guarantee equal access—not only to education, but to the courts themselves. Requiring a blind plaintiff to try a complex ADA case against a state-represented defendant without counsel undermines the statute's core purpose.

The Court now stands at a critical juncture: the claims have survived summary judgment, and the outcome will turn on trial advocacy. Appointing counsel at this stage would materially advance the fair and efficient resolution of the case.

**V. PLAINTIFF HAS MADE DILIGENT EFFORTS TO RETAIN PRIVATE COUNSEL**

Plaintiff has undertaken substantial and good-faith efforts to secure legal representation in this matter but has been unable to obtain counsel despite persistent attempts. These efforts include the following:

<u>Prior Representation</u>. Plaintiff was previously represented by the Cardozo Civil Rights Clinic, which provided legal assistance during the earlier stages of this litigation. However, the Clinic is no longer able to continue its representation through the trial phase.

Outreach to Private Law Firms**.** Plaintiff has contacted multiple private law firms that specialize in civil rights and disability law. These firms have either declined to accept representation or have failed to respond to Plaintiff's inquiries.

Bar Association Referrals. Plaintiff also sought assistance through the New York City Bar Association's attorney referral services in an effort to obtain counsel. Despite these efforts, Plaintiff has been unable to secure legal representation.

In addition, Plaintiff's legal blindness has made the process of identifying, contacting, and evaluating potential attorneys particularly burdensome. Locating accessible contact information, navigating complex law firm websites, reviewing detailed intake forms, and corresponding with potential counsel present significant barriers. Notwithstanding these challenges, Plaintiff has made persistent and diligent efforts to retain counsel, all of which have proven unsuccessful.

Given the advanced stage of this litigation, Plaintiff respectfully submits that court intervention is now necessary to ensure that Plaintiff's claims may be fairly and adequately presented.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Appoint *pro bono* counsel to represent Plaintiff Franklin Mendez in this action; and
2. Grant such other and further relief as the Court deems just and proper.

Dated: September 22, 2026
New York, New York

**Respectfully submitted,**

**/s/ Franklin Mendez**
**FRANKLIN MENDEZ**
**Plaintiff, Pro Se**

2 Ocean Drive, Apt. 17J
Brooklyn, NY 11224
(646) 641-6805
fmendez3327@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2026, I served the foregoing documents via the Court's ECF system and by email upon:

Samuel A. Martin, Esq.
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
samuel.martin@ag.ny.gov