UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANKLIN MENDEZ,
Plaintiff,

-against-

JOHN JAY COLLEGE OF CRIMINAL JUSTICE,
Defendant.

23 Civ. 8816 (LGS)

**ORDER**

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant City University of New York ("CUNY"), named as John Jay College of Criminal Justice ("John Jay"), moves under Local Civil Rule 6.3 for reconsideration of the September 18, 2026, Opinion & Order (the "Order") to the extent it denied in part Defendant's motion for summary judgment. That Order granted Defendant's motion for summary judgment except as to claims that Defendant failed to provide a reasonable accommodation under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. *Mendez v. John Jay Coll. of Crim. Just.*, No. 23 Civ. 8816, 2026 WL 2806898, at *1, *10 (S.D.N.Y. Sep. 18, 2026). The Order held that, viewing the evidence collectively, a reasonable jury could conclude that John Jay did not provide "plainly reasonable" accommodations to Plaintiff for his MAT 141, CSCI 271 and PHI 216 classes during the Fall 2023 term. *See id.* at *5-8.

WHEREAS, familiarity with the underlying facts and procedural history is assumed.

WHEREAS, "[t]he legal standards governing motions for reconsideration under Local Civil Rule 6.3 and motions under Rule 59(e) are the same."[1] *Celli v. New York City*, No. 24 Civ. 9743,

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

2026 WL 2295864, at *1 (S.D.N.Y. Aug. 10, 2026); *see City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991) ("Motions for reconsideration under [the local rule] . . . are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e) -- each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance.").

WHEREAS, the decision on a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Diallo v. Genalo*, No. 26 Civ. 6040, 2026 WL 3061868, at *2 (S.D.N.Y. Oct. 12, 2026). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024). "[T]he standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Schneiderman v. Am. Chem. Soc'y*, 172 F.4th 158, 190 (2d Cir. 2026). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Wimberly v. Stern*, No. 22 Civ. 7581, 2026 WL 2884345, at *2 (S.D.N.Y. Sep. 25, 2026).

WHEREAS, reconsideration is denied because the motion largely reprises arguments that the Order considered and rejected or arguments that Defendant waived by failing to raise them in its summary judgment memoranda of law. Even considering the evidence Defendant contends was overlooked, the motion does not demonstrate clear error or manifest injustice.

**MAT 141**

WHEREAS, Defendant argues that the Order erred in denying summary judgment regarding the reasonableness of the notetaking and WebAssign accommodations Plaintiff received for MAT 141. Defendant's arguments fail to support reconsideration.

WHEREAS, regarding the notetaking accommodation, Defendant contends that the Order erred in three respects. First, Defendant argues that the Order overlooked evidence demonstrating that the accommodation was reasonable. The record evidence cited by Defendant does not warrant reconsideration. Defendant cites (1) an attestation by Plaintiff's notetaker, Cinthia Salgado, that she attended every MAT 141 class, took notes on what was explained in class and transmitted those notes to Plaintiff; (2) an attestation by Plaintiff's MAT 141 tutor, who recalls no issues with Ms. Salgado's notes and (3) an attestation by the Director of John Jay's Office of Accessibility Services that Plaintiff met with her multiple times and told her "on several occasions during the Fall 2023 semester that everything was fine." The Order found that "a reasonable jury could conclude that Ms. Salgado's assignment as notetaker was not a reasonable accommodation for MAT 141" based on Plaintiff's attestation that Ms. Salgado's assignment was "ineffective because [she] could not accurately describe graphs, equations, or mathematical notation that Plaintiff was unable to see," and the absence in the record of "any other information regarding Ms. Salgado's qualifications as a math notetaker or the quality of her notes for the Fall 2023 term." *Mendez*, 2026 WL 2806898, at *5. A reasonable jury would be required to weigh the evidence Defendant highlights against Defendant's attestation. Weighing the evidence in the light most favorable to Plaintiff, a reasonable jury could still conclude that Ms. Salgado's assignment as notetaker was not a reasonable accommodation for MAT 141. *See Tudor v. Whitehall Cent. Sch. Dist.*, 132 F.4th 242, 247 (2d Cir. 2025) (noting that the "reasonableness of an . . . accommodation is a fact-specific question").

WHEREAS, second, Defendant argues that the Order erred in finding that Plaintiff "was entitled to a notetaker [for MAT 141] with course-specific expertise." Rather than present overlooked evidence or demonstrate clear error or manifest injustice, this argument rehashes issues of fact that the Order found unsuitable for resolution on summary judgment. While accommodations "need not be perfect," they "should be effective." *Porter v. Dartmouth-Hitchcock*, 92 F.4th 129, 155 (2d Cir. 2024). Here, Plaintiff attested that Ms. Salgado's assignment as a notetaker was ineffective because of her inability to convey course content to him. *See Mendez*, 2026 WL 2806898, at *5. The Order held that a reasonable jury weighing the evidence in a light most favorable to Plaintiff could find that Ms. Salgado's assignment was not a "plainly reasonable" accommodation in the context of Plaintiff's disability. *See id.* Contrary to Defendant's assertion, the Order's denial of summary judgment was not based on the Voluntary Compliance Agreement between CUNY and the Department of Justice ("DOJ") regarding a different visually impaired student. Defendant identifies no clear error or manifest injustice that warrants reconsideration.

WHEREAS, third, Defendant contends that the Order misapplied *MacGovern v. Hamilton Sunstrand Corp.*, 50 F. App'x 59, 60 (2d Cir. 2002) (summary order). According to Defendant, *MacGovern* requires dismissal of a failure to accommodate claim when, as here, the plaintiff does not report that an accommodation is inadequate. But that proposition, for which Defendant cites no controlling authority, does not follow from *MacGovern* or Defendant's other cited cases. As stated in the Order, the Second Circuit in *MacGovern* affirmed dismissal because the plaintiff "had not participated in an interactive process with his employer other than to accept an accommodation about which he did not complain." *See Mendez*, 2026 WL 2806898, at *5 (citing *MacGovern*, 50 F. App'x at 60). In other words, the plaintiff's failure to complain barred the claim because his employer "was under no obligation to do more" where the plaintiff played no role in setting the

accommodation other than passive acceptance. *See MacGovern*, 50 F. App'x at 60. Here, by contrast, Plaintiff engaged in an interactive process with John Jay and agreed to notetaking as an accommodation for MAT 141, which a reasonable jury could conclude John Jay did not provide. *See Mendez*, 2026 WL 2806898, at *1, *5. That is sufficient. *See Tafolla v. Heilig*, 80 F.4th 111, 122 (2d Cir. 2023) (explaining that summary judgment in favor of an institution on the reasonableness of an accommodation is appropriate where "a breakdown in interactive process was manifestly the [student's] fault"); *Bahl v. N.Y. Inst. of Tech.*, No. 24-1941, 2025 WL 3761459, at *4 (2d Cir. Dec. 30, 2025) (summary order) ("A student seeking an accommodation is required to participate in [an] interactive process in order to help the institution identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations."). Defendant's other authority besides *MacGovern* similarly does not require a plaintiff to complain about an inadequate accommodation as a predicate to a failure to accommodate claim. *See Payne v. Cornell Univ.*, No. 21-109, 2022 WL 453441, at *3 (2d Cir. Feb. 15, 2022) (summary order) (finding claim weakened because plaintiff told employer's representative that accommodations were "working fine"); *Dawson v. Sec. Servs. of Conn. Inc.*, No. 20 Civ. 1310, 2022 WL 17477601, at *14 (D. Conn. Dec. 6, 2022) (dismissing claim where plaintiff never informed employer of disability or requested accommodation); *Givens v. Monroe County*, No. 11 Civ. 6592, 2014 WL 4794641, at *4 (W.D.N.Y. Sep. 25, 2014) (dismissing claim because no reasonable jury could find that employer did not provide agreed-upon accommodation); *McFarland v. City & County of Denver*, 744 F. App'x 583, 587 (10th Cir. 2018) (concluding that no reasonable jury could find failure to accommodate where plaintiff "was the sole cause of the breakdown in the interactive process").

WHEREAS, regarding the accommodation provided for WebAssign, an online learning platform used for MAT 141, Defendant's arguments for reconsideration fail. The Order concluded that a reasonable jury could find that Defendant acted with discriminatory animus by not providing Plaintiff with an alternative to WebAssign until halfway through the Fall 2023 term. *Mendez*, 2026 WL 2806898, at *6. Specifically, the Order found that Defendant's awareness of the Voluntary Compliance Agreement, in which DOJ found WebAssign insufficiently accessible to the visually impaired complainant, supports a reasonable inference that Defendant exhibited deliberate indifference. *Id.* Defendant argues but fails to explain why the Voluntary Compliance Agreement is inadmissible as evidence of Defendant's intent. Defendant's contention that the complainant had more difficulty with WebAssign than did Plaintiff goes to the weight of the Voluntary Compliance Agreement as evidence, not its relevance. The Order's conclusion that a reasonable jury could find that Defendant acted with discriminatory intent through deliberate indifference is not clearly or otherwise erroneous.

**<u>CSCI 271</u>**

WHEREAS, Defendant argues that the Order erred in denying summary judgment regarding the reasonableness of the notetaking and tutoring accommodations Plaintiff received for CSCI 271. Defendant's arguments fail to support reconsideration.

WHEREAS, regarding the notetaking accommodation, Defendant argues that the Order overlooked evidence that the accommodation was reasonable. As with MAT 141, Defendant contends that the Order failed to consider declaration testimony and improperly found that Plaintiff was entitled to a notetaker for CSCI 271 with course-specific expertise. Defendant repeats the same arguments rejected as to MAT 141, which do not warrant reconsideration for the same reasons. A reasonable jury weighing the evidence highlighted by the motion in the light most favorable to

Plaintiff could still find that Plaintiff's CSCI 271 notetaker was not a "plainly reasonable" accommodation. *See Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 188-89 (2d Cir. 2015) ("Where a defendant's educational institution has implemented or offered an accommodation, the institution will be entitled to summary judgment only if the undisputed record reveals that the plaintiff was accorded a plainly reasonable accommodation.").

WHEREAS, regarding the tutoring accommodation, Defendant argues that the Order erred in three respects. First, Defendant contends that the Order improperly relied on Plaintiff's attestation that the tutor was unqualified. Defendant notes that Plaintiff testified at his May 2025 deposition that the CSCI 271 tutoring accommodation was ineffective because it began five or six weeks late but did not testify that the tutor was unqualified. Defendant argues that Plaintiff's October 2025 attestation that the tutor was unqualified was "crafted to oppose summary judgment" and cannot create a triable issue of fact under Second Circuit law. That argument does not warrant reconsideration. "[A] sham issue of fact exists only when the contradictions in a[] . . . witness's testimony are inescapable and unequivocal in nature." *In re Fosamax Prods. Liab. Litig.*, 707 F.3d 189, 194 (2d Cir. 2013); *accord Rys v. Davis*, No. 25-857, 2026 WL 904990, at *1 (2d Cir. Apr. 2, 2026) (summary order). "If there is a plausible explanation for discrepancies in a party's testimony, the court considering a summary judgment motion should not disregard the later testimony because an earlier account was ambiguous, confusing, or simply incomplete." *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 52 n.8 (2d Cir. 2022). The sham affidavit "principle does not apply if the deposition and the later sworn statement are not actually contradictory." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000); *accord Wilson v. N.Y. & Presbyterian Hosp.*, No. 21-1971, 2022 WL 17587564, at *3 (2d Cir. Dec. 13, 2022) (summary order). Plaintiff's earlier contention that the CSCI 271 tutoring was ineffective because it started late does not contradict his later

attestation that the tutoring was also ineffective because his tutor lacked competency. *See Corio*, 232 F.3d at 43. To the extent Defendant identifies a contradiction because CSCI 271 tutoring was explored during Plaintiff's deposition and Plaintiff did not explicitly question the tutor's qualifications, the contradiction is not "inescapable and unequivocal" such that the Order's consideration of Plaintiff's attestation was clear error. *See In re Fosamax Prods. Liab. Litig.*, 707 F.3d at 194.

WHEREAS, second, Defendant argues that the Order erred because "Defendant provided Plaintiff with a CSCI 271 tutor from the beginning of the semester" and "Defendant had no reason to believe it was inadequate." Defendant relies on *MacGovern*, *Payne* and *McFarland*. That argument does not support reconsideration for the same reasons it was rejected as to MAT 141.

WHEREAS, third, Defendant argues that summary judgment should have been granted because Plaintiff failed to assert CSCI 271 tutoring as a basis for his failure to accommodate claim prior to summary judgment. Defendant waived that argument as a basis for reconsideration by failing to raise it on summary judgment. *See, e.g.*, *Nat'l Union Fire Ins. Co. v. Las Vegas Pro. Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (summary order) ("It is black letter law that a motion for reconsideration may not be used to advance new . . . issues or arguments not previously presented to the Court . . . ."); *Chen v. Hunan Manor Enter., Inc.*, No. 17 Civ. 802, 2023 WL 8434700, at *2 (S.D.N.Y. Dec. 5, 2023) ("[A]rguments raised for the first time on a motion for reconsideration are untimely.").

**<u>PHI 216</u>**

WHEREAS, Defendant argues that the Order erred in denying summary judgment regarding the timely provision of an accessible version of course materials for PHI 216. Defendant contends that an accessible Microsoft Word version of the PHI 216 textbook -- which Plaintiff attests was not

provided until approximately the tenth week of the term -- was in fact provided to Plaintiff at the beginning of the term. The Order rejected the same argument relying on the same evidence cited in the instant motion, finding that Defendant's evidence at most creates a question of fact. *See Mendez*, 2026 WL 2806898, at *7-8. Defendant identifies no new evidence warranting reconsideration. For the foregoing reasons, it is hereby

**ORDERED** that Defendant's motion for reconsideration is **DENIED**.

The Clerk of Court is respectfully directed to close Dkt. Nos. 175 and 176.

Dated: October 30, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE